UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANASTACIA HERNANDEZ,

                       Civil Action No._____

              Plaintiff,         **ACTION UNDER 29 U.S.C.§ 216(b)**

   -v.-

                        **COMPLAINT**
1082 K & J LAUNDROMAT CORP. and    **ECF Case**
PASCUAL SOTO, Individually,

             Defendants
------------------------------------------------------------X

    Plaintiff ANASTACIA HERNANDEZ, by and through her attorneys, STILLMAN LEGAL PC., brings this Action against Defendants 1082 K & J LAUNDROMAT CORP. and PASCUAL SOTO, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR") § 137-1.7 (2006), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

    1. This Complaint seeks to recover, inter alia, unpaid minimum and overtime wage compensation for Plaintiff, a former employee of Defendant 1082 K & J LAUDROMAT CORP. (hereinafter referred to as "1082 K & J LAUDROMAT"), a New York Corporation with offices at 1082 Boston Road, Bronx, New York 10456 and its principal/officer/agent, Defendant PASCUAL SOTO, where Plaintiff was employed as a laundromat worker.

    2. At all times relevant hereto, Defendants were required, under relevant New

York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour (the "minimum wage") and to compensate Plaintiff with overtime pay at a one and one-half the regular rate for work in excess of forty (40) hours per work week.

3. However, despite such mandatory pay obligations, Defendants only initially compensated Plaintiff at a rate of (I) $9.58 per hr. for the 96 hours per week she worked from January 2021 to March 2021; (II) $9.58 per hr. for the 58 hours per week she worked from March 2021 to October 2021; (III) $9.82 per hr. for the 33 hours per week she worked from October 2021 to December 2021; and finally, $8.78 per hr. for the 26 hours per week she worked from December 2021 until February 2023 and failed to pay Plaintiff her lawful overtime pay for that period from January 2021 through to October 2021, where she worked well in excess of fifty (50) hours per workweek.

4. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum compensation or overtime compensation required by federal and state law and regulations.

5. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws. Moreover, at all relevant times, Defendants failed to maintain accurate record keeping as required by the FLSA and the NYLL.

6. Accordingly, Plaintiff now brings this Action for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, and failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

7. In connection therewith, Plaintiff seeks compensatory damages (minimum and overtime wages due), liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

12. Plaintiff ANASTACIA HERNANDEZ ("HERNANDEZ") is and was at all times relevant hereto an individual residing in Bronx County, City and State of New York.

13. Plaintiff HERNANDEZ was employed by 1082 K & J LAUDROMAT CORP. at its place of business,1082 Boston Road, Bronx, New York 10456 from approximately January 2012 through to and including February 2023 where she was primary employed as a laborer.

14. At all times relevant hereto, Plaintiff HERNANDEZ was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

15. Defendant 1082 K & J LAUDROMAT is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 1082 Boston Road, Bronx, New York 10456.

16. Upon information and belief, Defendant 1082 K & J LAUDROMAT is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for years 2021 through 2023, and were directly engaged in interstate commerce.

17. Upon information and belief, Defendant PASCUAL SOTO is the President, Chief Executive Officer, manager, principal, and/or agent of Defendant 1082 K & J LAUDROMAT.

18. Upon information and belief, and at all times relevant to the claims herein, Defendant PASCUAL SOTO possessed operational control over Defendant 1082 K & J LAUDROMAT because of her ownership interest and/or control of significant functions of Defendant Corporation; that Defendant PASCUAL SOTO: (i) was known and referred to as the "Boss" by Plaintiff and the other similarly situated employees of Defendant 1082 K & J LAUDROMAT; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees' work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

19. Defendant PASCUAL SOTO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## **COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

20. Defendants owned and operated 1082 K & J LAUDROMAT, a corporate entity principally engaged in operating a coin-operated laundromat located at 1082 Boston Road, Bronx, New York 10456. At all relevant times, Defendants 1082 K & J LAUDROMAT and PASCUAL SOTO possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

21. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff HERNANDEZ by engaging in a pattern and/or policy of violating the FLSA and NYLL. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

   b. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

   c. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL; and

   d. failing to provide statutorily required wage and hour records or statements of pay received, in part to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff HERNANDEZ and the other class members.

23. Defendant 1082 K & J LAUDROMAT, under the direct supervision and authority of Defendant PASCUAL SOTO, acted in the interest of the Defendants with

respect to its employees, the rate of and method employee compensation was paid, and shared joint control over their employees.

24. At relevant times, Defendants 1082 K & J LAUDROMAT and PASCUAL SOTO possessed substantial control over Plaintiff HERNANDEZ and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

25. Defendants 1082 K & J LAUDROMAT and PASCUAL SOTO jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 USC 201 et seq. and the NYLL.

26. Defendants 1082 K & J LAUDROMAT and PASCUAL SOTO constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

27. At all times relevant hereto, Defendants 1082 K & J LAUDROMAT and PASCUAL SOTO were Plaintiff's employers within the meaning of the FLSA, NYLL and other application laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and to determine the rate and method of any compensation in exchange for Plaintiff's services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of her employment.

28. Defendants further controlled, supervised, guided and instructed what limited recordkeeping took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff ANASTACIA HERNANDEZ**

29. From approximately January 2021 until February 2023, Plaintiff was employed without interruption by Defendants at their 1082 Boston Road, Bronx, New York 10456 facility, where Plaintiff HERNANDEZ's worked as a laundromat worker.

30. Plaintiff HERNANDEZ's work schedule for her first two (2) years was from Monday through Saturday, 7:00 A.M. until 9:00 P.M., with work required on some Sundays. Thereafter she worked only from Friday through Sunday, 7:00 A.M until 9:00 P.M, and at the end of her employment with Defendants, she worked only Saturdays and Sundays, 7:00 A.M to 9:00 P.M and Mondays from 7:00 A.M until 7:00 P.M. There was no punch clock to record her hours of work.

31. Plaintiff HERNANDEZ was paid at a rate of $9.58 per hr. from January 2021 to March 2021, for $920 per week; $9.82 per hr. from March 2021 to October 2021, for $570 per week; $8.78 per hr. from October 2021 to December 2021 $8.78, for $290.00; and $8.46 per hr. from December 2021 until February 2023, for $220 a week, all payments in cash.

32. Plaintiff HERNANDEZ did not work at her own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff HERNANDEZ did not come and go at her pleasure but rather was controlled by Defendants.

33. Plaintiff HERNANDEZ was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as her employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff HERNANDEZ work is properly characterized as menial physical labor.

34. Plaintiff HERNANDEZ regularly handled goods in interstate commerce and

other items produced outside of the State of New York.

35. Plaintiff worked without appropriate minimum and overtime wages from the beginning and until the end of her employment with Defendants.

36. No notification, either in the form of posted notices, or other means, were ever given to Plaintiff HERNANDEZ regarding wages as required under the FLSA and NYLL.

37. Defendants did not provide Plaintiff HERNANDEZ with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

38. Defendants never provided Plaintiff HERNANDEZ with written notice of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

### Defendants' General Employment Practices

39. As part of their regular business practices Defendants required Plaintiff HERNANDEZ to work in excess of forty (40) hours per week without paying Plaintiff the proper minimum and overtime wages as required by federal and state laws.

40. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the amount of hours he had worked.

41. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff HERNANDEZ with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

42. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, and (ii) minimum and overtime wages.

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff HERNANDEZ wages without providing accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

45. Defendants failed to provide Plaintiff HERNANDEZ with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; the name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum and Overtime Wage/ Recordkeeping Provisions)**

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment.

48. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

49. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wage, and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

50. Defendants' failure to pay Plaintiff the applicable minimum wage and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

51. Defendants failed to satisfy the FLSA's recordkeeping requirements.

52. Defendants acted willfully in their violations of the FLSA's requirements.

53. Plaintiff seeks damages for her unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Unpaid Minimum and Overtime Wages Under New York Labor Law)**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff the applicable minimum wages and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56. Defendants' failure to pay Plaintiff the applicable minimum wage and overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

57. Due to Defendants' willful violations of the NYLL, Plaintiff HERNANDEZ is entitled to recover from Defendants her unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment

and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants have failed to provide Plaintiff, in English and in Spanish, with complete and accurate wage statements throughout her employment listing and detailing, *inter alia*, all her regular and any overtime hours of work, her rate of pay, basis of pay and deductions etc., in violation of NYLL § 195(3).

60. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ANASTACIA HERNANDEZ, respectfully request that this Court enter judgment against Defendants 1082 K & J LAUNDROMAT CORP. and PASCUAL SOTO as follows:

   a. Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiff;

   b. Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

      c.    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

      d.    Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

      e.    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

      f.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

      g.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

      h.    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

      i.    All such other and further relief as the Court deems just and proper.

      j.    An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

      k.    An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

l.  An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

m.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
March 20, 2023

LINA STILLMAN, ESQ.

\_\_\_/s/ Lina Stillman_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com