```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/7/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

ANASTACIA HERNANDEZ,

                                        Plaintiff,                                   **23-CV-2317 (JGLC) (KHP)**

                        -against-

108 K & J LAUNDROMAT CORP. and                                                       **ORDER**
PASCUAL SOTO, Individually,

                                        Defendants
--------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        In this action under the Fair Labor Standards Act and the New York Labor Law, which is

before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), Plaintiff and

Defendants, having reached an agreement in principle to resolve the action, have placed their

proposed settlement agreement before this Court for approval.  *See Cheeks v. Freeport Pancake*

*House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).

The parties reached an arms-length agreement after mediating through the Court's mediation

program, and, in light of the totality of the relevant circumstances, it is hereby ORDERED that:

        1.   The Court finds that the terms of the proposed settlement agreement are fair,

reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate

Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

        2.   This Order does not incorporate the terms of the parties' proposed agreement.  Further,

the settlement agreement does not recite that this Court will retain jurisdiction to enforce its

terms, and this Court has made no independent determination to retain jurisdiction.

Accordingly, nothing in this Court's approval of the settlement under *Cheeks* should be

construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2)incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3.  The Clerk of Court is directed to close this case on the Docket of the Court.

SO ORDERED.

Dated: February 7, 2024
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

2